DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 4:20-70574 MAG |
| Plaintiff, | **GOVERNMENT'S MOTION FOR DETENTION** |
| v. | |
| KRISTOPHER ALLAN SYLVESTER, | Date: May 28, 2020<br>Time: 10:30 a.m.<br>Hon. Susan van Keulen |
| Defendant. | |

GOVERNMENT'S MOTION FOR DETENTION

## I. INTRODUCTION

On three occasions in a recent 43-day period, Defendant Kristopher Allen Sylvester possessed a loaded handgun at the time of his arrest.

On April 2, 2020, Sylvester was arrested in Fremont. Sylvester told Fremont police officers he had a loaded .380 caliber handgun either on his person or in the hotel room he shared with his girlfriend. Police searched the hotel room and located the handgun on the bathroom sink. On April 16, 2020, after fleeing from police in a vehicle reported stolen days earlier, recklessly driving the wrong direction on major thoroughfares in an attempt to elude apprehension, Sylvester was arrested in San Jose. Officers searched the vehicle, stolen from a rental car company a few days earlier, and located a loaded 9 mm firearm under the driver's seat. On May 15, 2020, officers arrested Sylvester in San Leandro, and he had a loaded 9 mm handgun on his person.

Sylvester's arrests on April 16 and May 15 followed release orders in his state criminal cases. Sylvester's response to his release was to re-offend. To commit these new offenses, Sylvester moved across the region, armed with a loaded handgun, without regard for the danger to the community.

Sylvester has a lengthy criminal history with numerous felony convictions. His convictions include a felon in possession conviction in 2018. In addition, Sylvester has performed poorly while on supervision, with multiple violations of the terms of probation or post release supervision.

As a result, the United States of America moves to detain Defendant Kristopher Allan Sylvester on the grounds that he is a danger to the community and a flight risk.

## II. BACKGROUND

The government refers the Court to its criminal complaint filing on May 14, 2020 for the discussion of facts in the supporting affidavit.

### A. The offense conduct

On April 2, 2020, Fremont Police Department officers arrested Sylvester at the Mission Peak Inn in Fremont, California, for commercial burglary of a Hertz Rental Car location in Fremont on March 26. At the time of his arrest, Sylvester told officers he had a gun. When officers did not find a gun in a search of his person, Sylvester told officers the firearm was in his hotel room. Officers searched Sylvester's hotel room and found a Ruger LCP .380 caliber handgun. A photo of the loaded firearm

GOVERNMENT'S MOTION FOR DETENTION

1

recovered in Sylvester's hotel room is below.



Mr. Sylvester was released from Santa Rita Jail on or about April 7, 2020.

On April 16, 2020, Santa Clara Police Department officers arrested Sylvester for commercial burglary of a Hertz Rental Car location in San Jose on or about April 13, 2020. Before his arrest, Sylvester fled from Santa Clara Police in a Ford Mustang. He drove the wrong way on major thoroughfares including the El Camino Real and the San Tomas Expressway, fleeing from pursing officers. The Ford Mustang Sylvester drove in the pursuit was reported stolen from the San Jose Hertz Rental Car location. At the time of his arrest, Sylvester informed officers that he had Covid-19. For this reason, Santa Clara PD delayed the search of the Ford Mustang. Officers found a 9 mm semi-automatic Smith & Wesson handgun loaded with 11 rounds of ammunition under the driver's seat. A photo of a loaded firearm recovered under the driver's seat of the Ford Mustang is below.



Mr. Sylvester was released from state custody after his arrest.

On May 14, 2020, the U.S. Attorney's Office filed the complaint in this case. On May 15, 2020, Sylvester was arrested on the federal arrest warrant. At the time of his arrest, Sylvester possessed a loaded 9 mm handgun – a black Glock with Bishop Defense slide loaded with 14 rounds in an extended magazine. A photo of the loaded firearm in Sylvester's possession on May 15, 2020 is below.



GOVERNMENT'S MOTION FOR DETENTION

3

## B. Defendant's Criminal History

### 1. Overview

The chart below summarizes Sylvester's felony convictions.

| Date of Conviction | Statute | Description | Sentence |
|---|---|---|---|
| 10/20/2004 | PC 148(a)(1) | Obstruct Peace Officer | 30 days jail |
| 6/17/2005 | PC 459 | Burglary (2nd Deg) | 16 months prison<br>5 years probation |
| 8/29/2007 | PC 459 | Burglary (2nd Deg) | 1 day jail<br>5 years probation |
| 3/23/2009 | PC 459 | Burglary (2nd Deg) | 381 days jail<br>5 years probation |
| 10/21/2011 | VC 10851(a) | Vehicle Theft | 16 months prison |
| 5/2/2012 | HS 11377(a) | Possession of Controlled Substance | 6 days jail<br>3 years probation |
| 6/4/2013 | HS 11377(a) | Possession of Controlled Substance | 57 days jail<br>3 years probation |
| 9/6/2012 | VC 2800.2(a) | Evade PO Disregard Safety | 2 years prison |
| 9/20/2013 | HS 11377(a) | Possession of Controlled Substance | 17 days jail<br>3 years probation |
| 12/23/2014 | PC 496 | Receive Stolen Property | 180 days jail<br>5 years probation<br>(reduced to misdemeanor 2015) |
| 12/22/2015 | VC 10851(a) | Vehicle Theft | 176 days jail<br>5 years probation |
| 3/26/2018 | PC 459 | Burglary (2nd Deg) | 180 days jail<br>5 years probation |
| 8/30/2018 | PC 29800(a)(a) | Felon in Possession | 2 years prison |

### 2. Defendant's past supervision

Sylvester's criminal history includes numerous violations of the terms of supervision, including probation and PCRS violations. His RAP sheet includes probation violations in 2005, 2006, 2007, 2010, 2011, 2012, 2013, 2014, 2016, 2017, and 2018. Sylvester had Post Release Community Supervision violations in 2013, 2014 (three separate violations), 2015, 2016, and 2017. When he committed the offense conduct that resulted in his felon in possession conviction in 2018, Sylvester was serving a 5-year term of probation. He then received another 5-year term of probation. Sylvester's possession of the .380 caliber handgun on April 2, 2020, the 9 mm handgun on April 16, 2020, and the 9 mm handgun on May 15, 2020 occurred while Sylvester was on probation.

GOVERNMENT'S MOTION FOR DETENTION

4

## III. ARGUMENT

### A. Legal standards

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406. "[T]he Bail Reform Act mandates an [1] individualized evaluation [2] guided by the factors articulated in § 3142(g)." *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

### B. Defendant is a danger to the community

#### 1. Nature of the offense conduct

As for the nature and circumstances of the charged offense, under § 3142(g)(1), this factor weighs in favor of detention. Defendant's offense conduct here is very serious. He has a demonstrated ready access to firearms. His repeated possession of firearms shows he is undeterred by contact with the criminal justice system. In a span of 43 days, Sylvester has been arrested while in possession of a loaded firearm on three occasions. The seriousness of the charged offense is reflected by statutory mandate. Congress passed Section 922(g) to "disarm groups whose members Congress believes are unable or

GOVERNMENT'S MOTION FOR DETENTION

5

unwilling to conduct themselves in conformity with the responsibilities of citizenship." *United States v. Torres*, 911 F.3d 1253, 1264 (9th Cir. 2019) (internal quotation marks omitted). That statutory goal bears directly on the question of detention here because Sylvester refuses to follow the law. Instead, he lives by his own rules. Terms of probation do not check his criminal conduct. Neither do terms of pretrial release in pending cases. For example, after his release from Santa Rita on April 7, 2020, Defendant was arrested in possession of another firearm just 9 days later. In the course of his arrest on April 16, Sylvester fled from Santa Clara police. He took off in the stolen Mustang and he drove in the wrong direction on busy thoroughfares like the El Camino Real and the San Tomas Expressway. This flight from law enforcement endangered the community and violated everyday rules of lawful conduct, in this case the rules of driving. After his release from state custody in Santa Clara in late April, Defendant was arrested in possession of another firearm just days later.[1] This course of conduct is dangerous to the community because Sylvester lives by his own rules, without regard to the safety or well-being of others.

### 2.    Weight of the evidence

As for the weight of the evidence, under § 3142(g)(2), this factor also favors detention because the evidence of Defendant's guilt is overwhelming. The firearms and ammunition were found either on Sylvester's person, within close proximity to him, or within his control at the time of his three arrests. While this factor is deemed the least important by case law, the judge is still "require[d]" to consider it, and it can help establish dangerousness. *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (finding that "the weight of the evidence clearly and convincingly establishe[d]" a likelihood that the defendant would pose a danger if released). Likewise, overwhelming evidence of the defendant's guilt

---

[1] Sylvester possessed these firearms while moving from community to community during a time when residents were under public health orders to shelter-in-place due to the Covid-19 pandemic. On April 2, Sylvester was arrested in Fremont. On April 16, Sylvester was arrested after a vehicle pursuit from Santa Clara to San Jose. On May 15, Sylvester was arrested in San Leandro. These communities lie on a north-south corridor approximately 35 miles long. Sylvester's movement across the region, while armed with a loaded handgun, in violation of public health directives, amplified the danger to the community from his conduct.

GOVERNMENT'S MOTION FOR DETENTION
6

"makes it more likely that he will flee," since the defendant has less incentive to litigate the case. *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991).

### 3. Defendant's history and characteristics

The defendant's history and characteristics, considered under § 3142(g)(3), also favor detention. Defendant has an extended, unabated criminal history. His history includes firearms possession and other felony convictions. When court have extended bail, pretrial release, or supervision opportunities to Sylvester, he has rewarded that judicial trust with additional offense conduct.

### 4. Danger to others or the community if released

Given Sylvester's repeated refusal to abide by basic rules of lawful conduct as well as either conditions of pretrial release or post-conviction terms of probation, as set forth herein, the government has grave concerns that his release in this case would be followed in short order by additional offense conduct.

## C. Defendant is a flight risk

There are several reasons supporting a conclusion that Sylvester is a flight risk. First, he faces overwhelming evidence of guilt on the charged offense, making it more likely he will flee. Second, Sylvester now faces his first federal prosecution and the prospect of a significant custodial sentence. Third, Sylvester's history shows he will not obey conditions of release. Given Sylvester's history of living by his own rules, including violations of probation terms, post release supervision terms, and in the midst of a pandemic, violations of state and local stay-at-home orders while he committed additional offenses, the government requests the Court to conclude that Sylvester is more likely than not a flight risk.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the motion to detain Defendant.

DATED: May 27, 2020                                Respectfully submitted,

                                                   DAVID L. ANDERSON
                                                   United States Attorney

                                                   ___/s/_____
                                                   JONATHAN U. LEE
                                                   Assistant United States Attorney

GOVERNMENT'S MOTION FOR DETENTION