DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 20-256 JSW |
| Plaintiff, | ) ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | ) ) | |
| KRISTOPHER ALLAN SYLVESTER, | ) ) | |
| Defendant. | ) ) | |

## I. INTRODUCTION

Defendant Kristopher Allan Sylvester ("defendant") stands before the Court for sentencing after admitting guilt to the charge of being a felon in possession of a firearm and ammunition. Defendant was arrested three times in a 43-day period earlier this year, and on each occasion he possessed a loaded firearm. Defendant has fourteen previous felony convictions including a 2018 state conviction for being a felon in possession of a firearm. Within five weeks of his initial appearance in these proceedings, defendant agreed to plead guilty. As discussed further below, the history and characteristics of the defendant, the need to address the seriousness of the criminal conduct, protect the public from further crimes of the defendant, and afford adequate deterrence weigh in favor of imposing a sentence of 30 months of imprisonment and three years of supervised release.

## II. FACTUAL BACKGROUND

### A. Defendant's Offense Conduct

The offense conduct at issue in this case stems from the defendant's three arrests in April and May of this year. First, on April 2, 2020, defendant was arrested in Fremont, California, in connection with an investigation of a commercial burglary of a Hertz Rental Car location in Fremont on March 26, 2020. Defendant's arrest occurred in defendant's hotel room. At that time, defendant possessed a Ruger .380 caliber handgun, loaded with eight rounds .380 caliber ammunition. Defendant was charged by Alameda County authorities and then released from custody. Second, on April 16, 2020, defendant was arrested in Santa Clara County in connection with an investigation of a commercial burglary of a Hertz Rental Car location in San Jose, California, on April 13, 2020. Defendant's arrest occurred after he fled from law enforcement while driving a vehicle stolen from the San Jose Hertz location. Defendant's driving route included high-speed, wrong way driving on El Camino Real, then on San Tomas Expressway, then Stevens Creek Boulevard, before finally coming to a stop on an off-ramp of I-880, a distance of approximately five miles. At that time, defendant possessed a Smith & Wesson SD9VE 9mm handgun and 11 rounds of 9mm Winchester ammunition. Defendant was charged by Santa Clara County authorities and later released. Third, on May 15, 2020, in San Leandro, defendant was arrested on a federal arrest warrant in this case. At that time, defendant possessed a Bishop Defense 9mm black

SENTENCING MEMORANDUM
CR 20-256 JSW
2

handgun and 14 rounds of 9mm Luger ammunition.

### B. Defendant's Criminal History

Defendant's three most recent arrests are part of what is an extensive criminal history. Defendant has fourteen convictions for felony offenses and four misdemeanor convictions. PSR ¶¶ 27-44. His felonies include a prior conviction for being a felon in possession of a firearm in 2018, and felony evading in 2008 and 2012. PSR ¶¶ 32, 36, 42. On several occasions, defendant re-offended while on probation or parole, as shown in the following table.

| Date of conviction | Term of probation/parole | Subsequent Offense | Date of subsequent conviction |
|---|---|---|---|
| 2004 (PSR ¶ 28) | 3 years | Second degree burglary | 2004 (PSR ¶ 29) |
| 2004 (PSR ¶ 29) | Parole in 2005 | Second degree burglary and vehicle theft | Returned to parole multiple times, 2006-2010 (PSR ¶ 29) |
| 2006 (PSR ¶ 30) | 5 years probation | Second degree burglary | 2007 (PSR ¶ 31) |
| 2007 (PSR ¶ 31) | 5 years probation | Vehicle theft and evading a peace officer | 2008 (PSR ¶ 32) |
| 2008 (PSR ¶ 32) | 3 years probation | Vehicle theft | 2011 (PSR ¶ 33) |
| 2012 (PSR ¶ 34) | 3 years probation | Possession of controlled substance | 2012 (PSR ¶ 35) |
| 2012 (PSR ¶ 35) | 36 months probation | Evading a police officer | 2012 (PSR ¶ 36) |
| 2012 (PSR ¶ 36) | Released to PRCS | Possession of a controlled substance | 2013 (PSR ¶ 37) |
| 2013 (PSR ¶ 38) | 5 years probation | Receiving known stolen property | 2014 (PSR ¶ 39) |
| 2014 (PSR ¶ 39) | 5 years probation | Vehicle theft | 2015 (PSR ¶ 40) |
| 2015 (PSR ¶ 40) | 5 years probation | Unlawfully taking a vehicle and second degree burglary | 2016 (PSR ¶ 41) |
| 2016 (PSR ¶ 41) | Parole in 2018 | Felon in possession of a firearm | 2018 (PSR ¶ 42) |
| 2018 (PSR ¶ 42) | 5 years probation | Second degree burglary | 2018 (PSR ¶ 43) |
| 2018 (PSR ¶ 43) | 3 years probation | The instant offenses | 2020 (PSR ¶¶ 6-19) |

### C. Procedural History

On May 14, 2020, the U.S. Attorney's Office filed the criminal complaint initiating this prosecution. Dkt. No. 1. Defendant made his initial appearance on May 20, 2020. Dkt. No. 5. The United States moved to detain. Dkt. No. 6. The United States filed the Information in this case on June 22, 2020. Dkt. No. 12. The Information charged defendant with violating 18 U.S.C. § 922(g)(1) on April 2, 2020, when he was a felon in possession of a firearm and ammunition. *Id*.

At his initial appearance on the Information, defendant was arraigned, entered a not guilty plea and waived indictment. Dkt. Nos. 13-14. The parties reached a Plea Agreement, which was submitted to the Court in advance of the change of plea hearing on September 15, 2020. Dkt. Nos. 24-25.

### D. Defendant's Criminal History

The government agrees with the criminal history category set forth in the PSR. PSR ¶¶ 45-46. Defendant's criminal history score is 30; therefore, his criminal history category is VI.

## III. PENALTIES

### A. Statutory Penalty Range

The government agrees with the statutory penalties set forth in the Presentence Report. PSR ¶¶ 87, 89. The maximum penalties for a violation of 18 U.S.C. § 922(g)(1) are ten years of imprisonment and three years of supervised release.

### B. Guidelines Range

The United States agrees with the Probation Department's calculations at PSR ¶¶ 15-24.

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. § 2K2.1(a)(6)(A): | 14 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2<br>Possession of three or more firearms (§ 2K2.1(b)(1)(A)) | +2 |
| c. | Adjusted Offense Level before acceptance: | 16 |
| | Acceptance of Responsibility (§ 3E1.1) | -3 |
| | Total Offense Level | 13 |

///

///

SENTENCING MEMORANDUM                           4
CR 20-256 JSW

## IV. LEGAL AUTHORITY

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. The Sentencing Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 552 U.S. 85, 108 (2007) (quoting *United States v. Gall*, 552 U.S. 38, 49 (2007)), and are to be kept in mind throughout the process. *See Gall*, 552 U.S. at 50, n. 6. As noted by the Ninth Circuit, the Supreme Court has "clarified that we may attach a presumption of reasonableness to sentences falling within the Guidelines range." *United States v. Saeturn*, 504 F.3d 1175, 1178 (9th Cir. 2007). After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for defendant, the Court should consider these factors, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence imposed to protect the public from further crimes of the defendant;

(5) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## V. SENTENCING RECOMMENDATION

### A. A 30-month sentence is appropriate

The Sentencing Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Taking those 18 U.S.C. § 3553 factors into account, a term of imprisonment of 30 months is an appropriate and just sentence in this case, balancing the defendant's offense conduct, criminal history, and speedy acceptance of responsibility.

#### 1. History and characteristics of the defendant

Defendant is a 34-year old resident of Fremont with a history of substance abuse. He has an extensive criminal history, characterized by eighteen prior convictions and numerous probation and parole violations. This is defendant's initial federal conviction. He has been in custody since his May 15, 2020 arrest. Defendant acknowledged his guilt and reached a plea agreement with the government in late June 2020. While at Santa Rita Jail, defendant tested positive for Covid-19, and he has made a full recovery. PSR ¶ 75.

#### 2. Seriousness of the conduct, respect for the law, just punishment

Defendant's offense conduct is an aggravating sentencing factor. In a 43-day span, defendant was arrested in possession of loaded firearms. Defendant knew his conduct was unlawful and dangerous. Indeed, he committed these offenses while on probation for a prior firearms possession offense. That conviction and his numerous additional felony and misdemeanor convictions had no effect on defendant's conduct. The recommended sentence will provide a just punishment. Defendant's longest term of imprisonment to date is two years of time served. The recommended sentence will result in defendant's longest term of incarceration.

#### 3. The need to protect the community

The offense conduct here endangered communities in the East and South Bay. The April 2, 2020 arrest was in Fremont. Defendant's April 16, 2020 arrest was in San Jose. His May 15, 2020 arrest was in San Leandro. In all three instances, defendant was actively moving throughout the region, committing commercial burglaries and evading law enforcement, while armed, during the Covid-19 pandemic. The region was under shelter-in-place orders, restricting schools and businesses from

SENTENCING MEMORANDUM        6
CR 20-256 JSW

opening and keeping a significant portion of the population at home in order to flatten the curve of viral infections. In the midst of this public health emergency, defendant was moving freely around the region committing crimes. His crimes created a heightened risk of harm to the community, such as when he evaded law enforcement in an early morning hours high speed chase before his April 16, 2020 arrest.

### 4. The need for deterrence

The need for specific deterrence is substantial because nothing to date has curbed defendant's willingness to break the law. Likewise, the need for general deterrence is significant. Defendant was released with state charges pending after his April 2, 2020 and April 16, 2020 arrests. All of his conduct occurred while he was under multiple terms of probation, as well as pretrial release for his current arrests. Given the numerous parole and probation violations in his history, defendant's offense conduct while on pretrial release is all the more significant. The recommended sentence will deliver an important message to those who are under Court supervision: re-offending will not be tolerated.

### B. Supervised Release

The government requests that the Court sentence the defendant to a term of three years of supervised release. The government also respectfully requests that the Court impose the suspicion..ess search condition in the plea agreement as part of the sentence. The offense conduct and defendant's criminal history both amply demonstrate the need for this condition upon defendant's release.

### C. Forfeiture

The government respectfully requests that the Court enter an order of forfeiture of items listed in the indictment – namely, the Ruger, Smith & Wesson and Bishop Defense, along with all ammunition recovered at the time of defendant's three arrests, all as described on page 5 of the PSR's Sentencing Recommendation.

## VI. CONCLUSION

Under the applicable provisions of the Sentencing Guidelines and the factors of 18 U.S.C. § 3553(a) as applied to this defendant and this criminal conduct, the government requests that the Court impose a sentence of 30 months of imprisonment and three years of supervised release. The defendant's rapid acceptance of responsibility by agreeing to plead guilty, which allowed the government to direct

resources toward other prosecutions, is a significant factor in the government's recommendation. The government appreciates the thorough PSR prepared by the Probation Officer, but in this case, for the reasons explained herein, the government believes the Court should impose its recommended sentence of 30 months imprisonment. The government also requests that the Court impose the special condition of supervised release authorizing the suspicionless search of defendant's person, residence, office, vehicle, electronic devices and their data, and any property under defendant's control. Finally, the government requests that the Court order defendant to pay a $100 special assessment.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: December 1, 2020

       /s/
JONATHAN U. LEE
Assistant United States Attorney
Attorney for the UNITED STATES OF AMERICA